Bazile v Saleh (2021 NY Slip Op 00286)





Bazile v Saleh


2021 NY Slip Op 00286


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-12707
 (Index No. 17031/14)

[*1]Marie Bazile, respondent, 
v
Gamil M. Saleh, et al., defendants, 519 Myrtle Avenue, LLC, appellant.


Solomon & Siris, P.C., Garden City, NY (Stuart Siris of counsel), for appellant.
Cateline S. Mark, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, and to cancel a deed, the defendant 519 Myrtle Avenue, LLC, appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated October 10, 2017. The order, insofar as appealed from, in effect, denied that branch of that defendant's motion which was for leave to enter a default judgment against the plaintiff on its first counterclaim to quiet title, sua sponte, directed dismissal of that defendant's first counterclaim as abandoned pursuant to CPLR 3215(c), and denied, as academic, that branch of that defendant's motion which was for summary judgment on its first counterclaim.
ORDERED that the appeal from so much of the order as, in effect, sua sponte, directed dismissal of the first counterclaim of the defendant 519 Myrtle Avenue, LLC, is deemed to be a motion for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On or about December 8, 2014, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and fraud, and to cancel a deed conveying certain real property. On or about April 2, 2015, the defendant 519 Myrtle Avenue, LLC (hereinafter the defendant), filed an amended answer, among other things, asserting a first counterclaim against the plaintiff to quiet title to the property. By order to show cause dated June 1, 2016, the defendant moved, inter alia, for summary judgment and/or for leave to enter a default judgment in its favor and against the plaintiff on its first counterclaim. In the order appealed from, the Supreme Court, in effect, among other things, denied that branch of the defendant's motion which was for leave to enter a default judgment on its first counterclaim, sua sponte, directed dismissal of the defendant's first counterclaim as abandoned pursuant to CPLR 3215(c), and denied, as academic, that branch of the defendant's motion which was for summary judgment on its first counterclaim.
CPLR 3215(c) provides that if the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed. While counterclaims are not specifically mentioned in CPLR 3215, the statute applies to claims asserted as counterclaims in addition to those set forth in complaints (see Najar v Najar, 173 AD3d 748, 749; Giglio v NTIMP, Inc., 86 AD3d 301, 307). [*2]"The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [internal quotation marks omitted]; see Karamuco v Gavriel Plaza, Inc., 172 AD3d 832, 832). "The failure to timely seek a default may be excused if 'sufficient cause is shown why the complaint should not be dismissed' (CPLR 3215[c]), which requires the party to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d at 671; see Karamuco v Gavriel Plaza, Inc., 172 AD3d at 833).
Here, the defendant served its amended answer containing its first counterclaim on the plaintiff's attorney by mail on April 2, 2015, and the plaintiff defaulted by failing to reply within 25 days thereof (see CPLR 2103[b]; 3012[a]; Giglio v NTIMP, Inc., 86 AD3d at 307). The defendant moved for leave to enter a default judgment on its first counterclaim on or after June 1, 2016, more than one year after the default, and offered no excuse for the delay. Where, as here, a party moving for a default judgment beyond one year from the date of default fails to address any reasonable excuse for its untimeliness, courts may not excuse the lateness and "shall" dismiss the claim pursuant to CPLR 3215(c) (see Karamuco v Gavriel Plaza, Inc., 172 AD3d at 832; Giglio v NTIMP, Inc., 86 AD3d at 308). In view of the foregoing, we need not consider whether the defendant demonstrated that the counterclaim was potentially meritorious. Accordingly, the Supreme Court properly, in effect, denied that branch of the defendant's motion which was for leave to enter a default judgment on its first counterclaim and, sua sponte, directed dismissal of the defendant's first counterclaim as abandoned (see CPLR 3215[c]; Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 882). As dismissal of the defendant's first counterclaim was properly directed, the court also properly, in effect, denied, as academic, that branch of the defendant's motion which was for summary judgment on its first counterclaim.
The defendant's remaining contentions need not be addressed in light of our determination.
MASTRO, A.P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court