1200 Bedford Ave., LLC v Grace Baptist Church (2021 NY Slip Op 06600)





1200 Bedford Ave., LLC v Grace Baptist Church


2021 NY Slip Op 06600


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-03798
 (Index No. 503786/12)

[*1]1200 Bedford Avenue, LLC, plaintiff,
v
Grace Baptist Church, etc., defendant third-party plaintiff-appellant; Fred D. Way III, etc., third-party defendant-respondent.


Goldstein Hall, PLLC, New York, NY (Peter Rivera of counsel), for defendant third-party plaintiff-appellant.



DECISION & ORDER
In an action for specific performance of a contract for the sale of real property, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated February 28, 2018. The order, insofar as appealed from, denied that branch of the motion of the defendant third-party plaintiff which was for leave to enter a default judgment against the third-party defendant upon his failure to timely appear or answer the third party complaint, and, sua sponte, directed dismissal of the third-party complaint pursuant to CPLR 3215(c).
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the third-party complaint as abandoned pursuant to CPLR 3215(c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On August 26, 2015, the defendant third-party plaintiff, Grace Baptist Church (hereinafter the church), filed an affidavit of service indicating that the third-party defendant, Fred D. Way III, its former counsel, had been served pursuant to CPLR 308(4) with the third-party complaint. Way did not appear or answer. In November 2016, more than one year after Way's default, the church moved, inter alia, pursuant to CPLR 3215 for leave to enter a default judgment on the third-party complaint against Way. In an order dated February 28, 2018, the Supreme Court denied that branch of the church's motion, and, sua sponte, directed dismissal of the third-party complaint pursuant to CPLR 3215(c).
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed" (Deutsche Bank Natl. Trust Co. v Brathwaite, 197 [*2]AD3d 557, 557-558 [internal quotation marks omitted]). "To establish 'sufficient cause,' the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (U.S. Bank N.A. v Moster, 196 AD3d 663, 664 [internal quotation marks omitted]).
Here, the church failed to take proceedings for the entry of judgment for more than one year after Way's default, and failed to proffer any excuse for its delay. The church's contention that its delay should be excused based on ongoing litigation in the main action is not properly before this Court, as it is raised for the first time on appeal (see J.P. Morgan Chase Bank, N.A. v Cortes, 96 AD3d 803, 804).
In light of the church's failure to articulate a reasonable excuse for its delay in taking steps to obtain a default judgment against Way, we need not reach the issue of whether it had a potentially meritorious cause of action (see U.S. Bank N.A. v Moster, 196 AD3d at 665).
Accordingly, the Supreme Court properly denied that branch of the church's motion which was for leave to enter a default judgment against Way, and, sua sponte, directed dismissal of the third-party complaint pursuant to CPLR 3215(c) (see CPLR 3215[c]; Chase Home Fin., LLC v Fernandez, 175 AD3d 1381, 1383).
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court