Chase Home Fin., LLC v Dasuja (2022 NY Slip Op 02248)

Chase Home Fin., LLC v Dasuja

2022 NY Slip Op 02248

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2018-04657
2018-04802
 (Index No. 46239/09)

[*1]Chase Home Finance, LLC, appellant,
v
Sachain K. Dasuja, etc., respondent, et al., defendant.

Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for appellant.
Donald J. Neidhardt, Seaford, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) stated portions of an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), entered February 24, 2017, and (2) an order of the same court dated December 29, 2017. The order entered February 24, 2017, inter alia, denied those branches of the plaintiff's motion which were to restore the action to the active calendar, for leave to enter a default judgment, and for an order of reference, and, in effect, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). The order dated December 29, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was to restore the action to the active calendar.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order entered February 24, 2017, as, in effect, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see id. § 5701[c]); and it is further,
ORDERED that the order entered February 24, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated December 29, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Sachain K. Dasuja.
In November 2009, the plaintiff commenced this action against, among others, the defendant Sachain K. Dasuja (hereinafter the defendant) to foreclose a mortgage on residential property. The defendant failed to answer the complaint or timely appear. In 2010, several conferences were scheduled in the foreclosure settlement conference part. On August 5, 2010, the matter was released from that part. On August 8, 2014, the action was marked "purged" due to "no activity."
In September 2015, the plaintiff moved, inter alia, to restore the action to the active [*2]calendar, for leave to enter a default judgment, and for an order of reference. In an order entered February 24, 2017, the Supreme Court denied the plaintiff's motion and, in effect, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). Thereafter, the plaintiff again moved, among other things, to restore the action to the active calendar. In an order dated December 29, 2017, the court, inter alia, denied that branch of the motion based on the doctrine of law of the case. The plaintiff appeals from both orders.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Bazile v Saleh, 190 AD3d 811, 812). "The failure to timely seek a default may be excused if sufficient cause is shown why the complaint should not be dismissed, which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [citation and internal quotation marks omitted]; see Bank of Am., N.A. v Santos, 175 AD3d 449, 450). The determination of whether an excuse is reasonable is committed to the sound discretion of the motion court (see Bank of Am., N.A. v Santos, 175 AD3d at 450; Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963).
Here, the plaintiff's vague, conclusory, and unsubstantiated assertions attributing unspecified periods of delay to a change of counsel, a concomitant review of the file, waiting for documents, and compliance with a then newly adopted administrative order, were insufficient to excuse its lengthy delay in moving for a default judgment (see Bank of Am., N.A. v Santos, 175 AD3d at 451; Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848, 849-850; see generally Ibrahim v Nablus Sweets Corp. 161 AD3d 961). Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see Bank of Am., N.A. v Santos, 175 AD3d at 451).
Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's first motion which were to restore the action to the active calendar, for leave to enter a default judgment, and for an order of reference, in, sua sponte, directing dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (see Bank of Am., N.A. v Santos, 175 AD3d at 451), and in denying that branch of the plaintiff's second motion which was to restore the action to the active calendar.
The plaintiff's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court