Noteworthy Foreclosure, LLC v Rodney-Ross (2023 NY Slip Op 04980)

Noteworthy Foreclosure, LLC v Rodney-Ross

2023 NY Slip Op 04980

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-09128
 (Index No. 6867/08)

[*1]Noteworthy Foreclosure, LLC, appellant,
v
Lynette Rodney-Ross, et al., respondents, et al., defendants.

Marc Wohlgemuth & Associates, P.C., Monsey, NY (Jeremy M. Doberman of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated November 3, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate a conditional order of dismissal of the same court dated September 17, 2013, and to restore the action to the active calendar, and, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Lynette Rodney-Ross and Latoya Horton as abandoned pursuant to CPLR 3215(c).
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Lynette Rodney-Ross and Latoya Horton as abandoned pursuant to CPLR 3215(c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see id. § 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In February 2008, Indymac Bank, FSB (hereinafter Indymac), the plaintiff's predecessor in interest, commenced this action against the defendants Lynette Rodney-Ross and Latoya Horton (hereinafter together the defendants), among others, to foreclose a mortgage securing certain real property located in Brooklyn. The defendants failed to answer or appear. On September 17, 2013, at a status conference, the Supreme Court issued a conditional order of dismissal for want of prosecution pursuant to CPLR 3216 directing dismissal of the complaint unless Indymac filed a note of issue or otherwise proceeded by motion for the entry of judgment within 90 days. Indymac took no action and the matter was thereafter administratively dismissed, without a motion and without the entry of a formal order by the court dismissing the complaint.
Meanwhile, by a series of assignments, the mortgage was assigned to the plaintiff. In July 2021, the plaintiff moved, inter alia, to vacate the conditional order of dismissal and to restore the action to the active calendar. Following oral argument, in an order dated November 3, 2021, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were to vacate the conditional order of dismissal and to restore the action to the active calendar, and, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants as abandoned [*2]pursuant to CPLR 3215(c). The plaintiff appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of a judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as the courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Cross, 205 AD3d 779, 781; Chase Home Fin., LLC v Dasuja, 204 AD3d 638, 639). "'The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint . . . may be excused if sufficient cause is shown why the complaint should not be dismissed'" (1200 Bedford Ave., LLC v Grace Baptist Church, 199 AD3d 971, 972, quoting Deutsche Bank Natl. Trust Co. v Brathwaite, 197 AD3d 557, 557-558).
Here, the plaintiff does not dispute that no proceedings were taken for entry of a default judgment within one year following the defendants' default, and no excuse was offered for the delay. Accordingly, the Supreme Court properly, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants as abandoned pursuant to CPLR 3215(c) (see Chase Home Fin., LLC v Dasuja, 204 AD3d at 639; US Bank N.A. v Juliano, 184 AD3d 597, 600; Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 964).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court