CIT Bank, N.A. v Gentile (2026 NY Slip Op 01030)

CIT Bank, N.A. v Gentile

2026 NY Slip Op 01030

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-05188 
2024-07407
 (Index No. 603150/15)

[*1]CIT 
 Bank, N.A., etc., appellant, Charles Bruno, et al., defendants, 
vKathryn-Ann Gentile, respondent.

Windels Marx Lane & Mittendorf, LLP, New York, NY (Robert J. Malatak of counsel), for appellant.
Charles Wallshein Esq. PLLC, Melville, NY (Charles Marino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Aletha V. Fields, J.), dated February 20, 2024, and an order of the same court dated April 29, 2024. The order dated February 20, 2024, insofar as appealed from, upon reargument, in effect, adhered to a prior determination in an order of the same court dated October 4, 2023, granting the motion of the defendant Kathryn-Ann Gentile pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned and denying those branches of the plaintiff's cross-motion which were for leave to enter a default judgment against the defendants Kathryn-Ann Gentile, Secretary of Housing and Urban Development, Advantage Funding Commercial Capital Corp., Allstate Indemnity Company, Frontier Leasing Corp., and "John Doe #1" through "John Doe #25," and for an order of reference, and, sua sponte, directed dismissal of the amended complaint insofar as asserted against the defendants Secretary of Housing and Urban Development, Advantage Funding Commercial Capital Corp., Allstate Indemnity Company, Frontier Leasing Corp., and "John Doe #1" through "John Doe #25." The order dated April 29, 2024, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue that branch of its cross-motion which was for leave to enter a default judgment against the defendant Charles Bruno.
ORDERED that the appeal from the order dated April 29, 2024, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated February 20, 2024, as, sua sponte, directed dismissal of the amended complaint insofar as asserted against the defendants Secretary of Housing and Urban Development, Advantage Funding Commercial Capital Corp., Allstate Indemnity Company, Frontier Leasing Corp., and "John Doe #1" through "John Doe #25" is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated February 20, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Kathryn-Ann Gentile.
On February 27, 2007, Elizabeth Bruno (hereinafter the borrower) executed a note in favor of Continental Home Loans, Inc. (hereinafter Continental), which was secured by a home equity conversion mortgage on certain real property located in Suffolk County. The mortgage was signed by the borrower, as well as the defendants Kathryn-Ann Gentile and Charles Bruno.
On March 27, 2015, the plaintiff, then known as OneWest Bank N.A., Continental's successor in interest, commenced this action to foreclose the mortgage against, among others, Gentile. The complaint alleged that Gentile was a record owner and mortgagor of the subject property. The defendants named in the original complaint failed to answer the original complaint.
In an order dated April 22, 2022, the Supreme Court granted the plaintiff's motion, inter alia, to amend the complaint to add Charles Bruno as a defendant.
On August 8, 2022, Gentile moved pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned, arguing that the plaintiff failed to take proceedings toward the entry of judgment within one year of her default in answering the original complaint. The plaintiff cross-moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. In support of the cross-motion, the plaintiff asserted, among other things, that it had "duly served all defendants" with the summons and complaint, including Jeannette Walker, sued herein as "John Doe #1" through "John Doe #25," and that "[n]o defendant timely answered or responded to the Complaint or otherwise appeared in this action." In an order dated October 4, 2023, the Supreme Court, inter alia, granted Gentile's motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned and denied those branches of the plaintiff's cross-motion which were for leave to enter a default judgment against the defendants and for an order of reference.
In November 2023, the plaintiff moved, inter alia, for leave to reargue its opposition to Gentile's motion and those branches of its cross-motion which were for leave to enter a default judgment against the defendants and for an order of reference. In an order dated February 20, 2024, the Supreme Court, (1) upon reargument, in effect, adhered to the determination in the order dated October 4, 2023, granting Gentile's motion to dismiss the amended complaint insofar as asserted against her and denying those branches of the plaintiff's cross-motion which were for leave to enter a default judgment against Gentile and the defendants Secretary of Housing and Urban Development, Advantage Funding Commercial Capital Corp., Allstate Indemnity Company, Frontier Leasing Corp., and "John Doe #1" through "John Doe #25" (hereinafter collectively the nonmoving defendants), and for an order of reference, and, (2) sua sponte, directed dismissal of the amended complaint insofar as asserted against the nonmoving defendants. The plaintiff appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "'The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as [the] courts "shall" dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned'" (Noteworthy Foreclosure, LLC v Rodney-Ross, 220 AD3d 676, 677, quoting Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). "'The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint . . . may be excused if sufficient cause is shown why the complaint should not be dismissed'" (id. [internal quotation marks omitted], quoting 1200 Bedford Ave., LLC v Grace Baptist Church, 199 AD3d 971, 972), which "requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671; see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 874).
Here, the plaintiff does not dispute that it failed to take proceedings toward the entry of judgment within one year of the defaults of Gentile and the nonmoving defendants in answering the original complaint. Contrary to the plaintiff's contention, its filing of the amended complaint did not reset its time to take proceedings toward the entry of judgment (see MTGLQ Invs., L.P. v Shay, 190 AD3d 527, 528-529). Moreover, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to demonstrate a reasonable excuse for its failure to timely [*2]take proceedings toward the entry of judgment (see Shields v Cohen, 222 AD3d 1019, 1021). The plaintiff failed to adequately explain why it could not have moved for leave to enter a default judgment against Gentile and the nonmoving defendants within one year of their default in answering the original complaint merely because Charles Bruno had not yet been joined as a necessary party, as "[t]he absence of a necessary party in a mortgage foreclosure action simply leaves that party's rights unaffected by the judgment of foreclosure and sale" (Glass v Estate of Gold, 48 AD3d 746, 747; see Liberty Dabar Assoc. v Mohammed, 183 AD3d 880, 882). Since the plaintiff failed to proffer a reasonable excuse, we need not consider whether the plaintiff had a potentially meritorious cause of action (see U.S. Bank N.A. v Kerendian, 232 AD3d 691, 693).
Accordingly, the Supreme Court properly, upon reargument, in effect, adhered to the determination in the order dated October 4, 2023, granting Gentile's motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned and denying those branches of the plaintiff's cross-motion which were for leave to enter a default judgment against Gentile and the nonmoving defendants and for an order of reference and, sua sponte, directed dismissal of the amended complaint insofar as asserted against the nonmoving defendants.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court