Deutsche Bank Natl. Trust Co. v Hart (2026 NY Slip Op 01338)

Deutsche Bank Natl. Trust Co. v Hart

2026 NY Slip Op 01338

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2023-06334
 (Index No. 238/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
vFernando Hart, et al., defendants, Koznitz I, LLC, appellant.

Solomon Rosengarten, Brooklyn, NY, for appellant.
McCabe, Weisberg & Conway, LLC, Melville, NY (Jamie C. Krapf of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Koznitz I, LLC, appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Mark I. Partnow, J.), dated November 17, 2022. The judgment of foreclosure and sale, upon an order of the same court (Lawrence Knipel, J.) dated April 12, 2018, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Koznitz I, LLC, and for an order of reference and denying the cross-motion of the defendant Koznitz I, LLC, pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned, and upon an order of the same court (Mark I. Partnow, J.) dated November 17, 2022, granting the plaintiff's motion, among other things, for a judgment of foreclosure and sale and denying the cross-motion of the defendant Koznitz I, LLC, in effect, for leave to reargue its prior cross-motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned, inter alia, confirmed a referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Koznitz I, LLC, and for an order of reference are denied, the cross-motion of the defendant Koznitz I, LLC, pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned is granted, and the orders dated April 12, 2018, and November 17, 2022, are modified accordingly.
In January 2014, the plaintiff commenced this action against the defendant Fernando Hart, among others, to foreclose a mortgage on certain real property. In October 2013, Hart had conveyed title to the property to Koznitz I, LLC (hereinafter Koznitz). The Supreme Court subsequently granted the plaintiff's motion for leave to amend the complaint to add Koznitz as a defendant. In March 2015, the supplemental summons and amended complaint were served upon Koznitz. Kosnitz failed to timely appear or answer. In an order dated September 12, 2016, the court directed dismissal of the amended complaint unless the plaintiff proceeded to entry of judgment within 90 days. In December 2016, the action was dismissed pursuant to the conditional order of dismissal. In December 2017, the plaintiff moved, inter alia, to vacate the dismissal, to restore the action to the active calendar, for leave to enter a default judgment against Koznitz, and for an order [*2]of reference. Koznitz cross-moved pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned. In an order dated April 12, 2018, the court, among other things, granted those branches of the plaintiff's motion and denied Koznitz's cross-motion.
In January 2020, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. Koznitz cross-moved, in effect, for leave to reargue its prior cross-motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned. In an order dated November 17, 2022, the Supreme Court granted the plaintiff's motion and denied Koznitz's cross-motion. In a judgment of foreclosure and sale dated November 17, 2022, the court, upon the orders dated April 12, 2018, and November 17, 2022, among other things, confirmed a referee's report and directed the sale of the property. Koznitz appeals. We reverse.
CPLR 5501(a)(1) provides that an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment . . . provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken."
"The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Chase Home Fin., LLC v Dasuja, 204 AD3d 638, 639 [internal quotation marks omitted]; see Bazile v Saleh, 190 AD3d 811, 812; Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). To avoid dismissal, a plaintiff "need only have 'initiated proceedings for the entry of a judgment' within that year, and is not required to have obtained" a judgment during that time (Saxon Mtge. Servs., Inc. v Reynoso, 232 AD3d 642, 643-644, quoting Aurora Loan Servs., LLC v Bandhu, 175 AD3d 1470, 1471). Additionally, "'[t]he failure to timely seek a default may be excused if sufficient cause is shown why the complaint should not be dismissed, which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious'" (Chase Home Fin., LLC v Dasuja, 204 AD3d at 639, quoting HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671; see Bank of Am., N.A. v Santos, 175 AD3d 449, 450).
Here, the plaintiff failed to timely take proceedings to obtain a default judgment against Koznitz and failed to demonstrate any excuse for the delay in taking those proceedings. The plaintiff's contention that it had sufficient cause for the delay because it needed to pay off a tax lien on the property is without merit because the plaintiff failed to show that the payment of the lien "'hindered [it] from timely taking any steps to initiate proceedings for the entry of a default judgment'" (Wilmington Sav. Fund Socy., FSB v Nifenecker, 236 AD3d 971, 975, quoting Wells Fargo Bank, N.A. v Jackson, 208 AD3d 613, 614). Moreover, the plaintiff's representation that it was attempting to settle the matter is not persuasive. The record does not indicate that the parties were engaged in mandatory settlement conferences pursuant to CPLR 3408, or any other settlement conferences, which could have served to toll the one-year period under CPLR 3215(c) (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d at 614; Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 621).
Since the plaintiff failed to set forth a reasonable excuse for its failure to take steps to obtain a default judgment against Koznitz, the issue of whether it demonstrated a meritorious cause of action need not be reached (see Shields v Cohen, 222 AD3d 1019, 1021; Wells Fargo Bank, N.A. v Jackson, 208 AD3d at 614; U.S. Bank N.A. v Moster, 196 AD3d 663, 664).
Accordingly, the Supreme Court should have granted Koznitz's cross-motion pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned. In light of our determination, we need not reach the plaintiff's remaining contentions.
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court