Deutsche Bank Natl. Trust Co. v Charles (2020 NY Slip Op 04380)





Deutsche Bank Natl. Trust Co. v Charles


2020 NY Slip Op 04380


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-08920
 (Index No. 21061/12)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Oneka Charles, etc., et al., defendants, Vista Holding, LLC, appellant.


Warner & Scheuerman, New York, NY (Jonathon D. Warner and Karl E. Scheuerman of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger and Stuart Siden of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vista Holding, LLC, appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated May 17, 2017. The order, insofar as appealed from, (1), upon reargument, adhered to a prior determination in an order of the same court dated November 14, 2016, granting that branch of the plaintiff's motion which was for an order of reference, and denying the cross motion of the defendant Vista Holding, LLC, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned, and (2) denied that branch of the motion of the defendant Vista Holding, LLC, which was to vacate an order of reference of the same court dated November 14, 2016.
ORDERED that the order dated May 17, 2017, is reversed insofar as appealed from, on the law, with costs, (1), upon reargument, the determination in the order dated November 14, 2016, granting that branch of the plaintiff's motion which was for an order of reference, and denying the cross motion of the defendant Vista Holding, LLC, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned is vacated, that branch of the plaintiff's motion which was for an order of reference is denied, and the cross motion of the defendant Vista Holding, LLC, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned is granted, and (2) that branch of the motion of the defendant Vista Holdings, LLC, which was to vacate the order of reference dated November 14, 2016, is granted.
In October 2012, the plaintiff commenced this action to foreclose a mortgage. In an amended complaint, the plaintiff alleged that the mortgagor, Oneka Charles, had borrowed the sum of $444,000 in 2006. The loan was memorialized in a note and secured by a mortgage encumbering certain real property. The amended complaint alleged that Charles had defaulted under the terms of the note by failing to make required monthly payments since May 2007. The record indicates that Charles transferred the subject property to the defendant Vista Holding, LLC (hereinafter Vista), sometime in 2008. The amended complaint named Vista as a defendant and alleged that Vista was joined as a necessary party as it "own[ed] the equity of redemption herein foreclosed" and it "[would] be liable for any deficiency judgment as may be directed by [the] Court."
Vista was served with the summons and complaint on October 30, 2012, and with the supplemental summons and amended complaint on April 29, 2013. It is undisputed that Vista did not interpose an answer to the complaint or the amended complaint. By notice of motion dated March 11, 2016, the plaintiff moved, inter alia, for an order of reference. Vista cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned. In an order dated November 14, 2016, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for an order of reference and denied Vista's cross motion to dismiss the complaint insofar as asserted against it as abandoned. The court issued an order of reference also dated November 14, 2016. In an order dated May 17, 2017, the court, upon reargument, adhered to its prior determination, and denied that branch of Vista's motion which was to vacate the order of reference. Vista appeals from the order dated May 17, 2017. We reverse insofar as appealed from.
"CPLR 3215(c) generally provides that [i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion'" (BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843, quoting CPLR 3215; see Bank of Am., N.A. v Santos, 175 AD3d 449, 450). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764). "To establish sufficient cause,' the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (id. at 764; see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). " The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court'" (HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1036, quoting Giglio v NTIMP, Inc., 86 AD3d at 308; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963). However, "[a]lthough the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised" (Butindaro v Grinberg, 57 AD3d 932, 933; see Staples v Jeff Hunt Devs., Inc., 56 AD3d 459, 460).
Here, Vista was served, at the latest, on April 29, 2013, and it defaulted by failing to serve an answer within 30 days thereafter (see CPLR 320[a]). However, the plaintiff did not take any steps to initiate proceedings for the entry of a default judgment against Vista until March 2016 (cf. Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774; Brown v Rosedale Nurseries, 259 AD2d 256, 256). The plaintiff contends that it nevertheless demonstrated a reasonable excuse for the delay by submitting evidence to show that it encountered substantial difficulty in serving Charles, who could not be located. Contrary to the plaintiff's contention, its submissions failed to establish a reasonable excuse for the delay in taking any steps to secure a default judgment against Vista. Although there may be circumstances under which a plaintiff's litigation with a nondefaulting defendant will justify a delay in seeking a default judgment against a defaulting defendant (see generally JPMorgan Chase Bank, N.A. v Braunworth, 178 AD3d 906; U.S. Bank, N.A. v Duran, 174 AD3d 768, 770), in this case, the plaintiff failed to proffer any explanation as to why its difficulty in serving Charles prevented it from taking any timely steps to initiate proceedings for the entry of a default judgment against Vista (see Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 911; US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 752; cf. CPLR 3215[d]; Federal Natl. Mtge. Assn. v Connelly, 84 AD2d 805, 805). Under these circumstances, the Supreme Court, upon reargument, should have denied that branch of the plaintiff's motion which was for an order of reference and granted Vista's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned, and granted that branch of Vista's cross motion which was to vacate the order of reference.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court