U.S. Bank N.A. v Moster (2021 NY Slip Op 04507)





U.S. Bank N.A. v Moster


2021 NY Slip Op 04507


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-04805
 (Index No. 22016/12)

[*1]U.S. Bank National Association, etc., respondent,
v
Yisroel Moster, et al., defendants, Bayridge Investors Corp., appellant.


Avi Rosenfeld, Lawrence, NY, for appellant.
Reed Smith, LLP, New York, NY (Kerren B. Zinner and Andrew B. Messite of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bayridge Investors Corp. appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant, upon its failure to timely appear or answer the complaint, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Bayridge Investors Corp., upon its failure to timely appear or answer the complaint, and for an order of reference are denied, an order of the same court, also dated January 2, 2019, is vacated insofar as it relates to the defendant Bayridge Investors Corp., and the complaint is dismissed as abandoned pursuant to CPLR 3215(c) insofar as asserted against the defendant Bayridge Investors Corp.
In 2012, the plaintiff commenced this action to foreclose a mortgage encumbering real property located in Brooklyn. The defendant Bayridge Investors Corp. (hereinafter Bayridge) acquired ownership of the property in 2009. In November 2012, the plaintiff effected service on Bayridge, but Bayridge did not appear or answer the complaint. Thereafter, foreclosure settlement conferences were held in June and July 2016, and the matter was then released from the conference part. Almost two years later, in April 2018, the plaintiff moved for leave to enter a default judgment against, among others, Bayridge, and for an order of reference. Bayridge opposed the plaintiff's motion, contending that the complaint insofar as asserted against it should be dismissed pursuant to CPLR 3215(c).
In an order dated January 2, 2019, the Supreme Court granted the plaintiff's motion, upon a finding that the plaintiff had actively prosecuted this action since its inception. In the order appealed from, also dated January 2, 2019, the court granted the same relief to the plaintiff.
"CPLR 3215(c) provides that '[i]f the plaintiff fails to take proceedings for the entry [*2]of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed'" (BAC Home Loans Servicing, L.P. v Kirnon, 184 AD3d 547, 549, quoting CPLR 3215[c]). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 456 [internal quotation marks omitted]; Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if 'sufficient cause is shown why the complaint should not be dismissed'" (JPMorgan Chase Bank, N.A. v Greenberg, 177 AD3d 860, 861, quoting CPLR 3215[c]). "'To establish "sufficient cause," the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action'" (Flushing Bank v Sabi, 182 AD3d 582, 584, quoting Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764). "'Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised'" (Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 456, quoting Butindaro v Grinberg, 57 AD3d 932, 933).
Here, although Bayridge was served in November 2012, and defaulted in December 2012 (see CPLR 320[a]), the plaintiff did not initiate any proceedings to seek judgment against it until April 2018, more than five years later, when it moved for leave to enter a default judgment and for an order of reference. Although the plaintiff contended that foreclosure activity as to the property at issue was suspended during the months between October 2012 and March 2013 due to an order of the Federal Emergency Management Agency declaring the area in which the property is located to be a disaster area, and that the matter was the subject of a voluntary loss mitigation as well as in the foreclosure settlement part between May 2016 and July 2016, the plaintiff failed to provide a reasonable excuse for its failure to undertake proceedings in the three-year period between those events and the approximately two-year period after the matter was released from the foreclosure settlement part (see JPMorgan Chase Bank, NA v Greenberg, 177 AD3d at 861-862). The plaintiff's contention that the delay was due to its continuing litigation against another defendant in the action, who purportedly holds a subordinate mortgage on the property, does not constitute a reasonable excuse (see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 457; Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 911). The plaintiff failed to show how its efforts to serve one litigant and subsequent motion practice related to that other litigant hindered it from timely taking any steps to initiate proceedings for the entry of a default judgment against Bayridge (see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 457; Private Capital Group, LLC v Hosseinipour, 170 AD3d at 911).
In light of the plaintiff's failure to articulate a reasonable excuse for its delay in taking steps to obtain a default judgment against Bayridge, we need not reach the issue of whether the plaintiff had a potentially meritorious cause of action (see Flushing Bank v Sabi, 182 AD3d at 584).
The parties' remaining contentions are without merit.
Accordingly, under the circumstances of this case, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against Bayridge and for an order of reference, and directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) insofar as asserted against Bayridge (see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 457; Private Capital Group, LLC v Hosseinipour, 170 AD3d at 911).
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court