Wells Fargo Bank, N.A. v Jackson (2022 NY Slip Op 04929)

Wells Fargo Bank, N.A. v Jackson

2022 NY Slip Op 04929

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2019-11346
 (Index No. 502693/16)

[*1]Wells Fargo Bank, N.A., respondent,
v
Angelise Jackson, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC (Reed Smith, LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Angelise Jackson appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated April 1, 2019. The order denied that defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Angelise Jackson pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted.
In February 2016, the plaintiff commenced this action against the defendant Angelise Jackson (hereinafter the defendant), among others, to foreclose a mortgage. The plaintiff effected service on the defendant, but the defendant did not appear or answer the complaint. Foreclosure settlement conferences were held in April 2016 and May 2016, at which the defendant did not appear. More than two years later, in October 2018, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. The Supreme Court denied the motion, and the defendant appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633-634). "Upon a showing of the requisite one year of delay, dismissal is mandatory in the first instance" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause," which requires the plaintiff to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d at 764; see BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 995; HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 833-834). "Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised" (United States Bank N.A. v Moster, 196 AD3d 663, 665 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d 718, 721).
Here, the one-year deadline of CPLR 3215(c) was tolled by the mandatory settlement conferences, the last of which occurred on May 18, 2016 (see 22 NYCRR 202.12-a[c][7]; Deutsche Bank Natl. Trust Co. v Lewin, 205 AD3d 677, 679; Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 621). The plaintiff therefore had until May 18, 2017, to initiate proceedings for entry of judgment against the defendant. The plaintiff, however, did not initiate any proceedings against the defendant prior to her motion made in October 2018. The plaintiff's contention that the delay was due to the pendency of its motion to appoint a guardian ad litem for a co-defendant who allegedly was an active duty servicemember (see 50 USC § 3931[b][2]) did not constitute a reasonable excuse (see United States Bank N.A. v Moster, 196 AD3d at 665; Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 457). The plaintiff failed to show how its motion practice related to that co-defendant hindered it from timely taking any steps to initiate proceedings for the entry of a default judgment against the defendant (see United States Bank N.A. v Moster, 196 AD3d at 665; Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 457; Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 911; US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096).
In light of the plaintiff's failure to articulate a reasonable excuse for its delay in taking steps to obtain a default judgment against the defendant, we need not reach the issue of whether the plaintiff demonstrated that it had a potentially meritorious cause of action (see HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 868).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned (see United States Bank N.A. v Moster, 196 AD3d at 665; Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 457).
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court