Wells Fargo Bank, N.A. v Archibald (2022 NY Slip Op 07476)

Wells Fargo Bank, N.A. v Archibald

2022 NY Slip Op 07476

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2019-04233
 (Index No. 9428/08)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Emanuel Archibald, appellant, et al., defendants.

Emanuel Archibald, Highland Mills, NY, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Emanuel Archibald appeals from a judgment of foreclosure and sale of the Supreme Court, Orange County (Elaine Slobod, J.), entered October 5, 2018. The judgment of foreclosure and sale, upon an order of the same court dated June 27, 2018, inter alia, granting that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
The defendants Emanuel Archibald and Yvonne Moody (hereinafter together the defendants) executed a note dated June 16, 2005, in the sum of $503,400, in favor of Option One Mortgage Corporation (hereinafter Option One). The note was secured by a mortgage on residential property in Highland Mills. By assignment of mortgage dated June 29, 2005, Option One assigned the mortgage to the plaintiff. On August 29, 2008, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an answer in which they asserted various affirmative defenses, including that the plaintiff lacked standing.
In an order dated March 26, 2015, the Supreme Court, inter alia, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff lacked standing. In an order dated June 29, 2015, the court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Archibald and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. Archibald appealed from the March 26, 2015 and June 29, 2015 orders. In two decisions and orders, both dated May 10, 2017, this Court affirmed the March 26, 2015 and June 29, 2015 orders insofar as appealed from (see Wells Fargo Bank, N.A. v Archibald, 150 AD3d 937; Wells Fargo Bank, N.A. v Archibald, 150 AD3d 935). Archibald's subsequent motion to reargue the decision and order dated May 10, 2017, affirming the June 29, 2015 order, and motion for leave to appeal to the Court of Appeals from that decision and order, were denied.
In February 2018, the plaintiff moved, inter alia, to confirm the referee's report and [*2]for a judgment of foreclosure and sale. In an order dated June 27, 2018, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale pending submission of an updated referee's report. Thereafter, the court issued a judgment of foreclosure and sale entered October 5, 2018, which, inter alia, directed the sale of the subject premises. Archibald appeals.
Archibald's contention that the plaintiff lacked standing to commence the action is barred by the doctrine of law of the case. An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court (see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 205 AD3d 727, 727-728; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d 690, 691; Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 756, 757; Matter of Norton v Town of Islip, 167 AD3d 624, 626). The doctrine of the law of the case (see Martin v City of Cohoes, 37 NY2d 162, 165) operates to foreclose re-examination of the issue absent a showing of subsequent evidence or change of law (see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d at 757; Matter of Norton v Town of Islip, 167 AD3d at 626).
Here, the issue of standing was decided in favor of the plaintiff on Archibald's prior appeal from the June 29, 2015 order, granting, inter alia, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Archibald. In its decision and order dated May 10, 2017, affirming the June 29, 2015 order, this Court determined that the plaintiff established, prima facie, its standing to commence the action and that, in opposition, Archibald failed to raise a triable issue of fact (see Wells Fargo Bank, N.A. v Archibald, 150 AD3d at 938). In opposition to the plaintiff's motion for a judgment of foreclosure and sale, Archibald made no showing of subsequent evidence or change of law that would warrant reconsideration of the issue (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d at 691; Matter of Norton v Town of Islip, 167 AD3d at 626).
Archibald's remaining contention, raised for the first time on appeal, is not properly before this Court.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court