U.S. Bank N.A. v Gonzaga (2023 NY Slip Op 06274)

U.S. Bank N.A. v Gonzaga

2023 NY Slip Op 06274

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-02636
 (Index No. 711412/15)

[*1]U.S. Bank National Association, etc., plaintiff,
v
Jacinto Gonzaga, appellant, et al., defendants.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jacinto Gonzaga appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered April 6, 2022. The order denied that defendant's unopposed motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the unopposed motion of the defendant Jacinto Gonzaga pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted.
In November 2015, the plaintiff commenced this action against, among others, the defendant Jacinto Gonzaga (hereinafter the defendant) to foreclose a mortgage on real property located in Queens. The defendant was served with the summons and complaint on November 13, 2015, but did not appear in the action or interpose an answer. In July 2021, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The plaintiff did not oppose the motion. By order entered April 6, 2022, the Supreme Court denied the motion. The defendant appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d 613; HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633-634). "Upon a showing of the requisite one year of delay, dismissal is mandatory in the first instance" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause," which requires the plaintiff to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d at 764; see BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 995; HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 833-834).
Here, contrary to the Supreme Court's determination, since the defendant's motion pursuant to CPLR 3215(c) was made prior to the entry of the order and judgment of foreclosure and [*2]sale, the motion was timely (see Federal Natl. Mtge. Assn. v Marty, 219 AD3d 581, 583; CitiMortgage, Inc. v Goldstein, 187 AD3d 841, 843), and under the circumstances of this case, the defendant was not estopped from making the motion. The defendant was required to interpose an answer by January 11, 2016, and therefore the plaintiff was required to initiate proceedings for the entry of a default judgment against the defendant by January 11, 2017. The plaintiff did not initiate any proceedings against the defendant until January 2, 2020, and failed to oppose the defendant's motion to dismiss on this ground (see Deutsche Bank Natl. Trust Co. v Watson 199 AD3d 879, 881). Since the plaintiff failed to demonstrate a reasonable excuse for its delay in taking proceedings for the entry of a default judgment, the court should have granted the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned (see U.S. Bank N.A. v Moster, 196 AD3d 663, 665; Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 457).
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court