Shields v Cohen (2023 NY Slip Op 06766)

Shields v Cohen

2023 NY Slip Op 06766

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-04800
 (Index No. 18184/13)

[*1]Carol Shields, appellant, 
v
Anders Jonathan Cohen, etc., et al., respondents, et al., defendant.

Goldstein & Goldstein, P.C., Brooklyn, NY (Cindy A. Moonsammy of counsel), for appellant.
Law Offices of Benvenuto & Slattery (Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, New York, NY [Juan C. Gonzalez], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a clerk's judgment of the Supreme Court, Kings County, entered June 4, 2021. The judgment, upon an order of the same court dated May 20, 2021 (Pamela L. Fisher, J.), granting the motion of the defendants Anders Jonathan Cohen and Gotham Neurosurgery, PLLC, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
In October 2013, the plaintiff commenced this action against the defendants Anders Jonathan Cohen and Gotham Neurosurgery, PLLC (hereinafter together the respondents), and another defendant (hereinafter the answering defendant). Affidavits of service reflect that the respondents were served with the summons and complaint on October 25, 2013.
In August 2020, the respondents moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them, on the ground that more than one year had elapsed since the respondents defaulted in answering the complaint and the plaintiff had failed to take proceedings for entry of a judgment against them. The plaintiff opposed the motion. In an order dated May 20, 2021, the Supreme Court granted the motion, and in a judgment entered June 4, 2021, the court dismissed the complaint insofar as asserted against the respondents. The plaintiff appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion" (see Bank of Am., N.A. v Santos, 175 AD3d 449, 450). "It is not necessary for a plaintiff to actually obtain a judgment within one year after the default to avoid a CPLR 3215(c) dismissal, so long as proceedings were undertaken to do so during the initial year after the defendant's default" (Citibank, N.A. v Kerszko, 203 AD3d 42, 51). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing [*2]of sufficient cause" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764). "To establish 'sufficient cause,' the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (id. at 764; see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). "'The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court'" (HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1036, quoting Giglio v NTIMP, Inc., 86 AD3d at 308).
Here, it is undisputed that the plaintiff did not take proceedings for entry of a default judgment against the respondents within one year of their default. Moreover, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to proffer a reasonable excuse for not taking timely proceedings for a default judgment against the respondents. The plaintiff failed to explain how the ongoing litigation against the answering defendant "hindered [the plaintiff] from timely taking any steps to initiate proceedings for the entry of a default judgment" against the respondents (Wells Fargo Bank, N.A. v Jackson, 208 AD3d 613, 614; see U.S. Bank N.A. v Moster, 196 AD3d 663, 665; US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096; see also CPLR 3215[d]).
Since the plaintiff failed to set forth a reasonable excuse for failing to timely take steps to obtain a default judgment against the respondents, we need not reach the issue of whether the plaintiff demonstrated that she had a potentially meritorious cause of action (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d at 614; HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 868).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the respondents' motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court