Doe v Garfinkel (2025 NY Slip Op 00426)

Doe v Garfinkel

2025 NY Slip Op 00426

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-09615
 (Index No. 520442/21)

[*1]Jane Doe, appellant, 
v
Yocheved Garfinkel, et al., defendants, Abraham Garfinkel, respondent.

Laffey, Bucci & Kent, LLP, New York, NY (Gaetano A. D'Andrea and Jillian P. Roth of counsel), for appellant.
Jacob Laufer, P.C., New York, NY (Mark Ellis of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Alexander M. Tisch, J.), dated July 26, 2023. The order, insofar as appealed from, granted that branch of the cross-motion of the defendant Abraham Garfinkel which was, in effect, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2021, the plaintiff commenced this action, inter alia, to recover damages for negligence against, among others, the defendant Abraham Garfinkel (hereinafter the defendant). On August 23, 2021, a process server served the defendant pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of the defendant's purported place of residence and by mailing a copy of the summons and complaint to the same address. The defendant failed to appear or answer the complaint. In November 2022, almost 14 months after the defendant's default, the plaintiff moved for leave to enter a default judgment against the defendant. The defendant cross-moved, among other things, in effect, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated July 26, 2023, the Supreme Court, inter alia, denied the plaintiff's motion and granted that branch of the defendant's cross-motion. The plaintiff appeals from so much of the order as granted that branch of the defendant's cross-motion which was, in effect, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
Pursuant to CPLR 3215(c) "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." The language of the statute is strictly construed, as "[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Deutsche Bank Trust Co. Ams. v Agostinelli, 230 AD3d 472, 473-474). However, the failure to timely seek a default judgment may be excused if sufficient cause is shown (see Shields v Cohen, 222 AD3d 1019, 1021). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of [*2]action is potentially meritorious" (U.S. Bank N.A. v Dickerson, 223 AD3d 930, 932 [internal quotation marks omitted]; U.S. Bank N.A. v Gonzaga, 222 AD3d 694, 695). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (Giglio v NTIMP, Inc., 86 AD3d at 308; see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 752). "While a court has the discretion to accept law office failure as a reasonable excuse, such excuse must be supported by detailed allegations of fact explaining the law office failure" (Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 752).
Here, it is undisputed that the plaintiff failed to move for leave to enter judgment within one year of the defendant's default. Contrary to the plaintiff's contention, she failed to offer a reasonable excuse for her delay in so moving. The plaintiff's excuse of law office failure, which was contained in an unsworn memorandum of law, was conclusory and unsubstantiated. The plaintiff did not provide an affidavit or affirmation from an attorney with personal knowledge of the purported law office failure (see Ibrahim v Nablus Sweets Corp., 161 AD3d at 964). Nor did the plaintiff identify the specifics of the supposed law office failure (see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). Indeed, plaintiff's attorney merely stated that there was an "oversight[ ]" due to many of the attorneys and staff at the firm getting "sick" with COVID-19 "multiple times." Thus, the Supreme Court providently exercised its discretion in determining that the plaintiff did not provide a reasonable excuse for her failure to seek a default judgment within the one-year period.
Since the plaintiff failed to proffer a reasonable excuse for her delay, this Court need not determine whether she had a potentially meritorious cause of action against the defendant (see Deutsche Bank Natl Trust Co. v Brathwaite, 197 AD3d 557, 558; Bank of Am., N.A. v Santos, 175 AD3d 449, 451).
Accordingly, the Supreme Court properly granted that branch of the defendant's cross-motion which was, in effect, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court