Wells Fargo Bank, N.A. v Jackson (2025 NY Slip Op 04037)

Wells Fargo Bank, N.A. v Jackson

2025 NY Slip Op 04037

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-07001
 (Index No. 502693/16)

[*1]Wells Fargo Bank, N.A., appellant,
v Angelise Jackson, et al., defendants, Carl A. Mitchell, respondent.

Knuckles & Manfro, LLP, Tarrytown, NY (Manik J. Saini of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated March 10, 2023. The order, insofar as appealed from, denied those branches of the motion of US Bank Trust National Association which were for leave to enter a default judgment against all defendants except the defendant Angelise Jackson and for an order of reference, directed dismissal of the complaint insofar as asserted against the defendant Carl A. Mitchell upon the consent of US Bank Trust National Association, and granted that branch of the cross-motion of the defendant Carl A. Mitchell which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against all defendants except the defendants Angelise Jackson and Carl A. Mitchell as abandoned.
ORDERED that the appeal from so much of the order as directed dismissal of the complaint insofar as asserted against the defendant Carl A. Mitchell upon the consent of US Bank Trust National Association is dismissed; and it is further,
ORDERED that order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Carl A. Mitchell.
In January 2006, the defendant Angelise Jackson executed a note in the sum of $393,750.00 in favor of First Central Savings Bank, secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc., on certain real property located in Brooklyn. In 2011, the mortgage was assigned to the plaintiff, Wells Fargo Bank, N.A., and eventually, in 2021, to US Bank Trust National Association (hereinafter US Bank).
In 2016, the plaintiff commenced this action to foreclose the mortgage. In October 2018, Jackson moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. In an order dated April 1, 2019, the Supreme Court denied her motion. On a prior appeal, this Court reversed that order and granted Jackson's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d 613).
Thereafter, in September 2022, US Bank, as assignee of the plaintiff, moved, inter alia, for leave to enter a default judgment against all defendants except Jackson and for an order of reference. The defendant Carl A. Mitchell opposed US Bank's motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against all defendants except Jackson as abandoned. In reply, US Bank consented to and requested dismissal of the complaint insofar as asserted against Mitchell, contending that Mitchell's cross-motion would, thereby, be rendered academic.
In an order dated March 10, 2023, the Supreme Court, among other things, directed dismissal of the complaint insofar as asserted against Mitchell on consent, granted that branch of Mitchell's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against all defendants except Jackson and Mitchell (hereinafter the remaining defendants) as abandoned, and denied those branches of US Bank's motion which were for leave to enter a default judgment against all defendants except Jackson and for an order of reference.
"It is axiomatic that a party who consents to an order cannot be considered aggrieved by it" (HSBC Bank USA, N.A. v Branker, 177 AD3d 954, 957). Accordingly, the appeal from so much of the order as, upon the consent of US Bank, directed dismissal of the complaint insofar as asserted against Mitchell must be dismissed (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 157 n 3).
"CPLR 3215(c) provides that if a plaintiff fails to take proceedings for the entry of judgment within one year after the default, then the court shall not enter judgment but shall dismiss the complaint as abandoned . . . upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (Wells Fargo Bank, N.A. v Jackson, 208 AD3d at 613 [internal quotation marks omitted]). "Sufficient cause" has been interpreted by this Court as requiring the party opposing dismissal to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (id. at 613-614 [internal quotation marks omitted]). The determination of whether an excuse is reasonable is left to the sound discretion of the motion court (see id. at 614).
Here, it is undisputed that the plaintiff did not take proceedings for the entry of judgment against the remaining defendants within one year after their default (see id.). US Bank did not offer any new evidence or law to support its contention that the failure of the plaintiff, or its successors, to timely take proceedings against the remaining defendants for the entry of judgment was excusable. Thus, this Court's determination that "the pendency of [the plaintiff's] motion to appoint a guardian ad litem for [Mitchell] who allegedly was an active duty servicemember did not constitute a reasonable excuse" for such delay (id. [citation omitted]; see U.S. Bank N.A. v Moster, 196 AD3d 663, 665; Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 457) remains the law of the case (see Wells Fargo Bank, N.A. v Archibald, 211 AD3d 1081, 1082).
In light of the foregoing, this Court need not address the parties' remaining contentions.
Accordingly, we affirm the order insofar as reviewed.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court