Wells Fargo Bank, N.A. v Wercberger (2025 NY Slip Op 07040)

Wells Fargo Bank, N.A. v Wercberger

2025 NY Slip Op 07040

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-00736
2022-00737
2022-00738
2022-00739
 (Index No. 13583/12)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Blima Wercberger, et al., defendants, David Kaplan, appellant.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri and Ben Z. Raindorf of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant David Kaplan appeals from (1) an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated March 6, 2017, (2) an order of the same court (Noach Dear, J.) dated September 5, 2017, (3) an order of the same court (Noach Dear, J.) dated February 18, 2020, and (4) an order of the same court (Noach Dear, J.), also dated February 18, 2020. The order dated March 6, 2017, insofar as appealed from, denied the cross-motion of the defendant David Kaplan pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The order dated September 5, 2017, denied the motion of the defendant David Kaplan pursuant to CPLR 3211(a)(5) and 3217(c) to dismiss the complaint insofar as asserted against him. The first order dated February 18, 2020, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant David Kaplan and for an order of reference and denied the cross-motion of the defendant David Kaplan, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. The second order dated February 18, 2020, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order dated March 6, 2017, is reversed insofar as appealed from, on the law, and the cross-motion of the defendant David Kaplan pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted; and it is further,
ORDERED that the appeals from the order dated September 5, 2017, and from so much of the first order dated February 18, 2020, as denied the cross-motion of the defendant David Kaplan, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him are dismissed as academic in light of our determination on the appeal from the order dated March 6, 2017; and it is further,
ORDERED that the first order dated February 18, 2020, is reversed insofar as reviewed, on the law, and those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant David Kaplan and for an order of reference are denied; and it is further,
ORDERED that the second order dated February 18, 2020, is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant David Kaplan and for an order of reference are denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant David Kaplan.
In July 2012, the plaintiff commenced this action against the defendant David Kaplan, among others, to foreclose a mortgage on certain real property located in Brooklyn. In 2014, the plaintiff moved, inter alia, for an order of reference. Kaplan cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated March 6, 2017, the Supreme Court, among other things, denied that branch of the motion and denied the cross-motion.
In April 2017, Kaplan moved pursuant to CPLR 3211(a)(5) and 3217(c) to dismiss the complaint insofar as asserted against him. In an order dated September 5, 2017, the Supreme Court denied the motion. In June 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against Kaplan and for an order of reference. Kaplan cross-moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated February 18, 2020, the court, inter alia, granted those branches of the plaintiff's motion and denied Kaplan's cross-motion. In a second order dated February 18, 2020, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. Kaplan appeals.
As an initial matter, we do not reach the plaintiff's contention that Kaplan waived his right to seek dismissal of the complaint pursuant to CPLR 3215(c), as it is improperly raised for the first time on appeal (see CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d 791, 793; Wells Fargo Bank v Islam, 174 AD3d 670, 671-672) and does not present "a pure question of law appearing on the face of the record which could not have been avoided by factual showings or legal countersteps if raised at the proper juncture" (Wells Fargo Bank v Islam, 174 AD3d at 672).
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned." "This statute is strictly construed, as [t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Ocwen Loan Servicing, LLC v Buonauro, 233 AD3d 972, 974 [internal quotation marks omitted]; see U.S. Bank N.A. v Benitez, 211 AD3d 765, 766). However, a court has the discretion to excuse a failure to timely seek a default if "sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]; see U.S. Bank N.A. v 63 Holiday Dr. Realty Corp., 230 AD3d 713, 714; U.S. Bank N.A. v Dickerson, 223 AD3d 930, 932). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Ocwen Loan Servicing, LLC v Buonauro, 233 AD3d at 974 [internal quotation marks omitted]; see U.S. Bank N.A. v Dickerson, 223 AD3d at 932). "Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised" (Butindaro v Grinberg, 57 AD3d 932, 932; see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 456).
Here, Kaplan was served on October 12, 2012. Even if, as the plaintiff averred, service was not completed until October 31, 2012, the one-year period within which the plaintiff had to take proceedings for the entry of a default judgment against Kaplan expired on November 30, 2013. Yet, the plaintiff did not move for leave to enter a default judgment and for an order of reference until May 7, 2014, approximately five months later. The plaintiff's proffered excuse for its delay was conclusory and unsubstantiated, as it was "not supported with evidence in admissible form by a person with personal knowledge of the facts" (Ocwen Loan Servicing, LLC v Buonauro, 233 AD3d at 975; see U.S. Bank N.A. v Benitez, 211 AD3d at 766-767; US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096).
Since the plaintiff failed to meet its burden to show sufficient cause why the [*2]complaint should not be dismissed, the Supreme Court should have granted Kaplan's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned (see HSBC Bank USA, N.A. v Cross, 205 AD3d 779, 782-783; US Bank, N.A. v Onuoha, 162 AD3d at 1096). Since that cross-motion should have been granted, those branches of the plaintiff's motion which were for leave to enter a default judgment against Kaplan and for an order of reference must be denied.
The parties' remaining contentions need not be addressed in light of our determination.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court