Deutsche Bank Natl. Trust Co. v Palma

2026 NY Slip Op 02103

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., respondent,

v

Alan Palma, etc., et al., defendants; IPA Asset Management, LLC, etc., nonparty-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-01773, (Index No. 18450/10)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Carl J. Landicino

Donna-Marie E. Golia, JJ.

Christopher Thompson (McKinley Law, P.C., Lloyd Harbor, NY [Shannon C. McKinley], of counsel), for nonparty-appellant.

McCabe Weisberg & Conway, LLC, Melville, NY (Jamie C. Krapf and George Franke of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to foreclose a mortgage, nonparty IPA Asset Management, LLC, appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated February 21, 2024. The order denied the motion of nonparty IPA Asset Management, LLC, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendants Alan Palma and Tatiana Palma as abandoned.

ORDERED that the order is reversed, on the law, with costs, and the motion of nonparty IPA Asset Management, LLC, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendants Alan Palma and Tatiana Palma as abandoned is granted.

In December 2006, Luis Palma (hereinafter the borrower) executed a note with the plaintiff's predecessor in interest, which was secured by a mortgage on certain real property located in Smithtown (hereinafter the premises). In 2008, the borrower transferred his interest in the premises to the defendants Alan Palma and Tatiana Palma (hereinafter the Palma defendants ), as trustees of the Tatiana Palma Trust. Shortly thereafter, the borrower died.

In 2010, the plaintiff commenced this action, inter alia, to foreclose the mortgage against, among others, the Palma defendants and the defendant Board of Directors of Hidden Ponds Homeowners Association, Inc. (hereinafter the HOA), by filing a summons, complaint, and notice of pendency. The Palma defendants were served in May 2010 but never appeared in the action. In July 2014, the plaintiff made a request for judicial intervention, after which a settlement conference was held in September 2014. The HOA filed a notice of appearance on March 17, 2016.

In a separate foreclosure action, the HOA foreclosed on a lien it held on the premises. The HOA's separate foreclosure action culminated in the transfer of the premises to the HOA via a referee's deed dated May 3, 2016. By deed dated May 16, 2017, the HOA conveyed its interest in the premises to IPA Asset Management, LLC (hereinafter IPA).

In November 2023, IPA moved pursuant to CPLR 3215(c) to dismiss the complaint [*2]insofar as asserted against the Palma defendants as abandoned. In an order dated February 21, 2024, the Supreme Court denied the motion. IPA appeals.

Contrary to the Supreme Court's determination, the HOA did not waive its right to move pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the Palma defendants. "A waiver is the voluntary abandonment or relinquishment of a known right" (Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446; see VRA Family L.P. v Salon Mgt. USA, LLC, 183 AD3d 614, 615). Here, the HOA filed a notice of appearance before it had acquired the Palma defendants' interest in the premises and, thus, before it had obtained the right to defend their interests in this action (see generally CPLR 1021). Thus, the HOA could not have voluntarily abandoned or relinquished a right that did not exist at the time (see CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d 791, 793).

In light of the foregoing, and contrary to the plaintiff's contention, the Supreme Court should have considered the merits of the motion of IPA, as successor in interest to the Palma defendants, notwithstanding its failure to request substitution for the Palma defendants (see Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 575). Under the circumstances presented and in the interest of judicial economy, it is appropriate to address the motion on the merits, rather than remitting the matter to the Supreme Court to do so (see Wells Fargo Bank, N.A. v Robinson-John, 220 AD3d 974, 976-977; Wells Fargo Bank, NA v McKenzie, 183 AD3d at 575-576).

"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "To establish sufficient cause, the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Deutsche Bank Trust Co. Ams. v Smith, 211 AD3d 1012, 1013 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Whaley, 197 AD3d 1245, 1247).

Here, it is undisputed that the plaintiff did not take any steps to initiate proceedings for the entry of a default judgment against the Palma defendants within one year of their default. Contrary to the plaintiff's contention, its submissions failed to establish a reasonable excuse for the delay in taking any steps to secure a default judgment against the Palma defendants, who were known to the plaintiff at the time this action was commenced (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d 613, 614; Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 457).

In light of the plaintiff's failure to articulate a reasonable excuse for the delay, we need not reach the issue of whether the plaintiff demonstrated that it had a potentially meritorious cause of action (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d at 614; HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 868).

Accordingly, the Supreme Court should have granted IPA's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the Palma defendants as abandoned (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d at 614).

CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court