Wilmington Sav. Fund Socy., FSB v Nifenecker (2025 NY Slip Op 01666)

Wilmington Sav. Fund Socy., FSB v Nifenecker

2025 NY Slip Op 01666

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-05981
 (Index No. 606314/15)

[*1]Wilmington Savings Fund Society, FSB, etc., plaintiff, 
v
Eugene C. Nifenecker II, etc., et al., appellants, et al., defendants; Limosa, LLC, nonparty-respondent.

Justin F. Pane, P.C., Bohemia, NY, for appellants.
Vallely Law, PLLC, Syosset, NY (Natalia Thomas of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Eugene C. Nifenecker II and Laura Reddy appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated May 31, 2022. The order and judgment of foreclosure and sale, upon an order of the same court dated May 31, 2022, granting the motion of nonparty Limosa, LLC, as assignee of the plaintiff, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale and denying the cross-motion of the defendant Laura Reddy pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned and to dismiss the complaint insofar as asserted against the remaining defendants pursuant to RPAPL 1311(1) and CPLR 1001 and 1003, inter alia, granted the same relief to nonparty Limosa, LLC, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal by the defendant Eugene C. Nifenecker II is dismissed, as that defendant is not aggrieved by the order and judgment of foreclosure and sale (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed on the appeal by the defendant Laura Reddy, on the law, the motion of nonparty Limosa, LLC, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale is denied, the cross-motion of the defendant Laura Reddy pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned and to dismiss the complaint insofar as asserted against the remaining defendants pursuant to RPAPL 1311(1) and CPLR 1001 and 1003 is granted, and the order dated May 31, 2022, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Laura Reddy.
On July 30, 2007, the defendant Eugene C. Nifenecker II executed a note in the sum of $311,250 in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide). The note was secured by a mortgage, executed by Nifenecker and the defendant Laura Reddy (hereinafter together the defendants), on certain residential property located in Lindenhurst. By assignment dated [*2]September 1, 2011, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, assigned the mortgage to Bank of America, N.A. (hereinafter BANA).
On June 17, 2015, BANA commenced this action against the defendants, among others, to foreclose the mortgage. Nifenecker served an answer that was rejected by BANA as untimely. Reddy failed to answer the complaint. A settlement conference pursuant to CPLR 3408 was held on December 15, 2015, but the defendants did not appear. By assignment dated August 8, 2017, BANA assigned the mortgage to Wilmington Savings Fund Society, FSB (hereinafter Wilmington).
In December 2017, BANA moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order dated September 12, 2018, the Supreme Court denied the motion with leave to renew upon the submission of proper papers. In November 2018, Wilmington moved to amend the caption to substitute it as the plaintiff. In an order dated January 16, 2019, the court granted the motion. By assignment dated May 2, 2019, Wilmington assigned the mortgage to Atlantica, LLC (hereinafter Atlantica).
In May 2019, Wilmington moved, among other things, for leave to enter a default judgment and for an order of reference. In an order dated September 6, 2019, the Supreme Court granted the unopposed motion and referred the matter to a referee to compute the amount due on the mortgage loan. By assignment dated December 19, 2019, Atlantica assigned the mortgage to Limosa, LLC (hereinafter Limosa).
In December 2020, Limosa, as Wilmington's assignee, moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. Reddy cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned and to dismiss the complaint insofar as asserted against the remaining defendants pursuant to RPAPL 1311(1) and CPLR 1001 and 1003. In an order dated May 31, 2022, the Supreme Court granted Limosa's motion and denied Reddy's cross-motion. The court issued an order and judgment of foreclosure and sale dated May 31, 2022, among other things, granting Limosa's motion, confirming the referee's report, and directing the sale of the property. The defendants appeal.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion" (see Shields v Cohen, 222 AD3d 1019, 1020). "It is not necessary for a plaintiff to actually obtain a judgment within one year after the default to avoid a CPLR 3215(c) dismissal, so long as proceedings were undertaken to do so during the initial year after the defendant's default" (Citibank, N.A. v Kerszko, 203 AD3d 42, 51). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764). "To establish 'sufficient cause,' the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (id.; see Shields v Cohen, 222 AD3d at 1021).
Where an action is subject to a mandatory settlement conference (see CPLR 3408), motions shall be held in abeyance while conferences are held, and the one-year deadline imposed by CPLR 3215(c) is tolled (see 22 NYCRR 202.12-a[c][7]; Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 874; Deutsche Bank Natl. Trust Co. v Lewin, 205 AD3d 677, 679).
Here, Reddy was served pursuant to CPLR 308(4) on July 16, 2015, and the affidavit of service was filed on August 4, 2015. Thus, service was complete 10 days later, on August 14, 2015 (see id.). Reddy defaulted by failing to appear or answer the complaint within 30 days after [*3]service was complete (see id.; 320[a]; Bank of N.Y. Mellon Trust Co. v Kyung Soon Lee, 202 AD3d 898, 899). Contrary to Limosa's contention, BANA took no proceedings toward entry of a default judgment against Reddy until December 2017, when BANA moved, inter alia, for leave to enter a default judgment and for an order of reference, which was more than a year after the expiration of the one-year statutory period.
Contrary to the Supreme Court's determination, it does not appear that the action was subject to a mandatory settlement conference pursuant to CPLR 3408, as the record indicates that the defendants did not reside at the property at the time the action was commenced (see id. § 3408[a][1]; 22 NYCRR 202.12-a[a]; US Bank N.A. v Sarmiento, 121 AD3d 187, 199-200). In any event, BANA took no proceedings toward entry of a default judgment against Reddy within one year after the action was released from the foreclosure settlement part on December 15, 2015 (see HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1036).
Moreover, Limosa failed to demonstrate any excuse for the delay in taking proceedings for entry of a default judgment against Reddy. Limosa's contention that BANA had sufficient cause for the delay because BANA had to defend motions made by Nifenecker for leave to serve a late answer is without merit, as Limosa failed to show how opposing those motions "hindered [BANA] from timely taking any steps to initiate proceedings for the entry of a default judgment" against Reddy (Wells Fargo Bank, N.A. v Jackson, 208 AD3d 613, 614; see Shields v Cohen, 222 AD3d at 1021; U.S. Bank N.A. v Moster, 196 AD3d 663, 665; Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 457).
Since Limosa failed to set forth a reasonable excuse for the failure to timely take steps to obtain a default judgment against Reddy, the issue of whether it demonstrated a potentially meritorious cause of action need not be reached (see Shields v Cohen, 222 AD3d at 1021; Wells Fargo Bank, N.A. v Jackson, 208 AD3d at 614; U.S. Bank N.A. v Moster, 196 AD3d at 664).
Accordingly, the Supreme Court should have granted that branch of Reddy's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. Moreover, the court should have granted that branch of Reddy's cross-motion which was to dismiss the complaint insofar as asserted against the remaining defendants pursuant to RPAPL 1311(1) and CPLR 1001 and 1003 (see MTGLQ Invs., L.P. v Shay, 190 AD3d 527, 529; LaSalle Bank N.A. v Benjamin, 164 AD3d 1223, 1225).
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court